**FILED**

11/29/2024

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

United States District Court

Southern District of Indiana

Christopher Rosenow,               )
                 Petitioner,       )
                                   )    No: 2:24-cv-00576-JRS-MKK
             v.                    )
                                   )
Warden                             )
                 Respondent.       )

Petition For Writ of Habeas Corpus Filed
Pursuant to 28 U.S.C. § 2254

## Background & Prior Treatment of Issues

Christopher Rosenow ("Petitioner") was charged with
child molesting as a level one felony. (App Vol. 2, pp 2,4,14;
Tr Vol 2, pp. 4-5) The State charged an additional count
of Possession of child pornography as a level 6 felony
(App Vol. 2 at 2,5,31; Tr Vol. 2 at 19) On appeal Petitioner
did not challenge his conviction under count 2.

The trial court held a jury trial on October 23 & 24,
2023. The jury returned verdicts of guilt on both counts.
On November 16, 2023, the trial court sentenced Petitioner
to 39 years imprisonment on count one with one year
suspended to probation & 26 months imprisonment on count
2. The trial court ordered the sentences to be served
concurrently. (App Vol 2 at 11-12, 160-62; Tr Vol 3 at
151-52) Petitioner filed his Notice of Appeal on November
29, 2023. The Court of Appeals affirmed the convictions in a
memorandum decision on August 12, 2024. On November 19,
2024 the Indiana Supreme Court issued a model form order
denying transfer. (Memorandum & Order enclosed)

— 1 —

The offense was alleged to have occurred on May 23, 2023, (App Vol 2 at 14, 55.) The complaining witness ("A.E.") reached the age of 14 less than 3 months later. Petitioner was 48 years old on the date of the incident. (Tr Vol 2 at 4)

The State presented evidence that Petitioner had no idea of the alleged victim's age (Tr Vol 3 at 87, 91; Tr Vol 4 at 13 (at timestamps 02:21 & 03:35).)

Because A.E. had approached Petitioner on the street after 11pm (Tr Vol 2 at 205; 209) & asked Petitioner for marijuana (Tr Vol 2 at 211) & Petitioner had absolutely no way of knowing who she was or how old she was Petitioner & trial counsel formulated & executed a specific mistake of fact trial defense strategy based entirely on Hoskins v. State 563 N.E. 2d 571. At trial the Court used the pattern instruction for a mistake of fact defense found at Ind. Pattern Jury Crim 10.1500 (2014). (App Vol 2 at 107.) This pattern instruction specifically cites Hoskins.

Petitioner challenged his conviction on appeal by arguing that the State failed to prove beyond a reasonable doubt that he knew A.E. was under 14. (Brief of Appellant, pp 8-11) He pointed out that the trial court instructed the jury on mistake of fact. (Brief of Appellant, p. 9)

The State agreed Petitioner had presented a mistake of fact defense before the trial court (Brief of Appellee p.10) However, citing Moon v. State, 823 N.E. 2d 710, 715 (Ind Ct App 2005) the State argued that the burden was on Petitioner to prove his mistake of fact defense by a preponderance of the evidence. (Brief of Appellee, p 11)

The Court of Appeals, also relying on Moon agreed that the burden was on Petitioner to prove

his mistake of fact defense by a preponderance of the evidence. In addition, the Court of Appeals said " the State has no burden to disprove [Petitioner's] statutory defense beyond a reasonable doubt." (Memorandum Dec., p.6)

    The Court of Appeals determined that "the jury reasonably concluded that [Petitioner] did not prove his defense by a preponderance of the evidence" & affirmed the conviction. (Memorandum Dec., p. 7)

## Grounds For Relief

<u>Ground One</u> : By choosing the <u>Moon</u> standard over the <u>Hoskins</u> standard the <u>Indiana Appeals & Supreme Court</u> have created an extreme malfunction of law in Petitioner's criminal case cognizable under & in contravention of <u>Harrington</u> v. <u>Richter</u>, 562 U.S. 86 as well as <u>Jackson</u> v. <u>Virginia</u>, 443 U.S. 307.

<u>Facts & Argument in support of Ground One</u> :

    The Appeal Court's decision to choose the <u>Moon</u> standard over the <u>Hoskins</u> standard when judging the sufficiency of evidence in Petitioner's criminal case is objectively unreasonable for several obvious & glaring reasons.

    First of all <u>Moon</u> is appellate level case law which is not Supreme Court precedent. <u>Hoskins</u> is. This decision leads to absurd & unpredictable questions/ results such as: is defense trial counsel now ineffective for failing to anticipate this ?

Secondly, in the Moon case the defendant was convicted of sexual misconduct with a minor over 14. In Petitioner's case A.E. was 3 months short of her 14th birthday & Knowledge of her age is an essential element neccessary to convict. In the Moon case Knowledge of the victim's age is not a element neccessary to convict.

From beginning to end Petitioner & defense counsel planned, pursued & executed a specific trial strategy based wholly on black letter law Indiana Supreme Court precedent announced under Hoskins. After observing the physical apperance of A.E. as well as having heard her & her mother's testimony the trial judge agreed with the defense that a mistake of fact jury instruction that is specifically predicated on & cites Hoskins was warranted. (Tr Vol 3-101 12-13)

The decision of the Appeals Court to choose the Moon standard over the Hoskins standard eviserated Petitioner's trial defense, post trial, & rendered the who proceeding Constitutionally infirm. By yanking Petitioner's trial defense out from under him post tried the Indiana Appeals Court has violated Petitioner's right to due process under the Fifth & 14th Amendments to the U.S. Constitution.

This is not just objectively unreasonable its an extreme malfunction of law.

Petitioner respectfully avers to this Honorable Court that the Appeals chose the Moon standard over the Hoskins standard because they couldnt get the end result they wanted with the Hoskins

— 4 —

standard. They couldn't contort the decision to affirm Petitioners conviction into the framework of Hoskins. If the Hoskins standard, which was warranted by the evidence adduced at trial & awarded to the defense by the Judge, would have produced the end result that they wanted, they would have just simply said/done that.

The fact is the evidence produced at trial wasn't sufficient to convict under the Hoskins standard & the Appeals Court Flip Flop into the Moon standard, post trial, admits that fact.

Forever cementing the Appeal Court's decision to use the Moon standard into the extreme malfunction of low Category was the Indiana Supreme Courts refusal to step in & correct the lower court under its own precedent under Hoskins.

Petitioner respectfully avers to this Honorable Court that he is actually innocent. Petitioner had no idea how old A.E. was & she damn sure wasn't looking or acting her age. If Petitioner would have known he was going to have to prove his innocence, which basically the Moon standard requires, he would have taken the stand. Under the Hoskins standard there was nothing to rebutt.

Ground Two:  The evidence produced by the State at trial was insufficient to convict cognizable under & in controvention of Smith v Brookhart 996 F.3d 402 citing Jackson v. Virginia, 443 U.S. 307.

Facts & Argument in Support of Ground Two

The crime of Child Molesting occurs only when an adult engages in certain sexual conduct "with a child under fourteen (14) years of age..." Ind. Code § 35-42-4-3. The State failed to prove that Petitioner knew the alleged victim was under fourteen.

Due process requires the State to prove every element beyond a reasonable doubt. Evidence of the alleged victim's age does not provide proof that Petitioner knew her age.

The victim's age & Petitioner's knowledge of that age are seperate elements. This is the reason the trial court granted Petitioner's request to instruct the jury on mistake of fact. (App Vol. 2 at 118; Tr. Vol 3 at 96-101.)

The Due Process Clause of the Fourteenth Amendment requires the State to prove every element of a charged offense beyond a reasonable doubt. In re Winship, 397 US. 358, 364 (1970). The Winship decision requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364

No evidence showed Petitioner would know the alleged victim was under fourteen. She denied any discussion of what grade in school she was. (Tr. Vol. 2 at 221.)

Instead of showing Petitioner's knowledge of A.E.'s age, the evidence showed how he could have believed she was older than fourteen. His girlfriend saw A.E. on the date of the incident (Tr. Vol 3 at 38-39, 45-46.) On May 23, 2023, she thought A.E. appeared older than fourteen. When asked "How old did she appear to you," she responded, "18 maybe." (Tr. Vol 3 at 56)

— 6 —

The video taken of A.E on May 23, 2023, shows a girl whose genitals are covered with pubic hair & whose breasts are fully developed. (Tr. Vol 3 at 76-77; Tr. Vol. 4 at 11.)

A.E.'s behavior was consistent with someone older than fourteen. Her mother testified that prior to this incident, A.E. "was getting on social media showing her private areas." (Tr Vol 2 at 175.)

A.E. approached Petitioner later than 11:00pm (Tr Vol 2 at 205; 209.) She asked him for marijuana. (Tr Vol 2 at 211.) When she got to the apartment, she asked Petitioner to play a sexually provocative music video that she said "was one of my favorite songs." (Tr. Vol 3 at 3-4.)

Because the alleged victim's age & Petitioner's knowledge of her age are seperate facts or elements, the State was required to present sufficient proof of both elements. The State failed to provide that proof. This *Honorable Court should reverse Petitioner's conviction for Child Molesting.*

## Relief Requested

Wherefore, Petitioner respectfully requests that this Honorable Court vacate the conviction under Count One or grant another trial, or any other appropriate relief.

Respectfully Submitted this 26th day of November, 2024;

BY: _____

Christopher Rosenow #914374

Wabash Valley

Carlisle, IN  47838

— 7 —